IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SIERRA CLUB,

        Plaintiff,

    v.                         Case No. 07-C-0251-S

MICHAEL MORGAN, in his official capacity
as the Secretary of the Wisconsin Department of
Administration,

JAY EHRFURTH, in his official capacity as the
State Heating Plant Engineer for the Wisconsin
Department of Administration,

JOHN WILEY, in his official capacity as the
Chancellor of the University of Wisconsin-
Madison,

KEVIN REILLY, in his official capacity as the
President of the University of Wisconsin
System,

        Defendants.

---

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

      The defendants, by Attorney General J.B. Van Hollen and Assistant Attorneys General Thomas J. Dawson and Thomas L. Dosch, respectfully move the court for entry of an order of summary judgment and dismissal of this action on the grounds that there is no

genuine issue of material fact, and the defendants are entitled to judgment as a matter of law on the following grounds:

The undisputed material facts relating to each of the arguments presented are set forth in defendants' findings of facts (DFOF), supported by cited portions of affidavits and other admissible evidence to support them.

As more fully set forth in defendants' brief in support of this motion, accompanied by the DFOF, defendants seek summary judgment resulting in dismissal of the case and judgment in favor of defendants on several independent grounds founded in the Clean Air Act, specifically: 1) defendants are not proper parties to this action because they did not perform and did not have a hand in the alleged illegal activities; 2) the Charter Street Plant was in compliance with its operation permit and therefore enjoys a "permit shield" against the alleged violations; 3) the work done on the Charter Street Plant is not a "modification" that requires a permit because it constituted "routine maintenance, repair and replacement"; 4) the work done on the Charter Street Plant did not cause any significant emissions increases; and 5) the work done constitutes exempt partial replacements.

Plaintiff is notified that this motion is based on Rule 56 of the Federal Rules of Civil Procedure, a copy of which is attached. Plaintiff is further notified that the defendants' findings of fact (DFOF), supported by referenced affidavits and other papers accompanying this motion are incorporated by reference herein. Any factual assertion in the affidavits submitted or referred to in support of defendants' motion will be accepted by the judge as

true unless plaintiff submits affidavits or other documentary evidence contradicting such assertion.

Dated this 25th day of September, 2007.

          J.B. VAN HOLLEN
          Attorney General

          THOMAS J. DAWSON
          Assistant Attorney General
          State Bar No. 1016134

          THOMAS L. DOSCH
          Assistant Attorney General
          State Bar No. 1017026

          Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-8987 (AAG Dawson)
(608) 266-0770 (AAG Dosch)

pearing
e) shall
tion for
ring on
court to
t, it is
ine the
of any
ation of
h hear-
cessary
by jury
statute

shown
id, if a
kewise

Claim-
ier the
laintiff,
aded a
lgment
e 54(c).
s. No
st the
unless
lief by


confes-
ime for
ee Pro
y Final
w Pre-
at Is-
U.S.C.,
issal of
y order

ntry of
ss.Gen.
default,

aph (1)
laims a
185, in
ind in
ilar to
585(2);
1927)
411(2).
ecover
by the

Note to Subdivision (e). This restates substantially the last clause of U.S.C., Title 28, [former] § 763 (Action against the United States under the Tucker Act). As this rule governs in all actions against the United States, U.S.C., Title 28, [former] § 45 (Practice and procedure in certain cases under the interstate commerce laws) and similar statutes are modified insofar as they contain anything inconsistent therewith.

### Supplementary Note

Note. The operation of Rule 55(b) (Judgment) is directly affected by the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. Appendix, § 501 et seq. Section 200 of the Act [50 U.S.C. Appendix, § 520] imposes specific requirements which must be fulfilled before a default judgment can be entered, e.g., *Ledwith v. Storkan*, D.Neb.1942, 6 Fed.Rules Serv. 60b.24, Case 2, 2 F.R.D. 539, and also provides for the vacation of a judgment in certain circumstances. See discussion in Commentary, Effect of Conscription Legislation on the Federal Rules, 1940, 3 Fed.Rules Serv. 725; 3 *Moore's Federal Practice*, 1938, Cum.Supplement § 55.02.

### 1987 Amendment

The amendments are technical. No substantive change is intended.

## Rule 56. Summary Judgment

**(a) For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

**(b) For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

**(c) Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**(d) Case Not Fully Adjudicated on Motion.** If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

**(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(g) Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987.)

### ADVISORY COMMITTEE NOTES
#### 1937 Adoption

This rule is applicable to all actions, including those against the United States or an officer or agency thereof.