## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SIERRA CLUB,<br><br>             Plaintiff,<br><br>      v.<br><br>MIKE HUEBSCH[1] AND JAY<br>EHRFURTH,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 07-C-0251-S<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF NON-TERMINATION OF THE CONSENT DECREE

Plaintiff, Sierra Club, hereby provides this notice that Defendants have not fully complied with the terms of the Amended Consent Decree in the above-captioned matter and, therefore, pursuant to the terms of the agreement, the Amended Consent Decree shall not terminate on July 31, 2011.  Amend. Consent Decree (Dkt # 130), ¶ 26(c).

The Amended Consent Decree resolves claims brought by Plaintiff under the Clean Air Act's Prevention of Significant Deterioration ("PSD") program for Defendants' violations of those provisions at their Charter Street Plant.  Under the PSD provisions an owner or operator of a major emitting facility must obtain a permit prior to undertaking a "major modification."  42 U.S.C. § 7475(a)(1); 40

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Defendant Michael Morgan, the former Secretary of the Wisconsin Department of Administration who was sued in his official capacity, has been substituted with the current Secretary, Mike Huebsch.

C.F.R. § 52.21(b)(2)(i); Wis. Admin. Code NR § 405.02(21).  On November 7, 2007, the Court entered an order on liability finding that certain projects at the Charter Street Plant were unlawful major modifications under the PSD provisions.  Mem. and Order on Summ. J. (Dkt # 72).  Parties reached agreement as to the remedy for those violations, consistent with the requirements of the Clean Air Act, and consented to entry of the Amended Consent Decree.

The Amended Consent Decree terminates on July 31, 2011, *only if* the following conditions are met:

1.    Defendants have obtained required PSD permits and installed required pollution controls, retired the boilers at Charter Street, or replaced the boilers at Charter Street such that they meet specified emissions limits;

2.    Defendants "have certified that they are in compliance with the Clean Air Act at [Charter Street] and with each of the obligations in this Amended Consent Decree"; and

3.    "Plaintiff does not notify the Court that Plaintiff contends [Defendants] have failed to comply with *any* of the obligations of this Amended Consent Decree" (emphasis added).

Amend. Consent Decree (Dkt # 130), ¶ 26.

To date, Defendants have not certified that they are in compliance with the Clean Air Act at Charter Street and with each of the obligations in the

Amended Consent Decree to satisfy terminating the Consent Decree. Moreover, it is Plaintiff's position that Defendants cannot certify that they are in compliance.

In accordance with Paragraph 15 of the Amended Consent Decree, Defendants, in conjunction with the Wisconsin Department of Natural Resources, screened projects that had been conducted at state-owned plants since 1995 to determine whether any of those projects needed further evaluation as triggering PSD requirements. The screening process was to identify projects that constituted major modifications under the PSD provisions, interpreted consistently with the Amended Consent Decree and the Court's summary judgment decision in this case. Defendants produced a written analysis of projects subject to the screening process, which identified at least one project at each of the boilers at the Waupun Correctional facility that was a major modification. Subsequently, the Wisconsin Department of Natural Resources reviewed Defendants' screening analysis, and identified additional major modifications at other state-owned boilers. Defendants then accepted the Department of Natural Resources' analysis as correctly identifying additional major modifications.

Identification of major modifications in the screening process triggers additional requirements under Paragraphs 16 and 18 of the Amended Consent Decree. Pursuant to Paragraph 16, Defendants have failed to undertake a "Fleet-

wide Comprehensive Feasibility Study" by July 31, 2009, for each of the boiler major modification projects identified by Defendants and the Department of Natural Resources.  Moreover, pursuant to Paragraph 18, Defendants have also failed to submit an application to Wisconsin Department of Natural Resources to modify the operating permit for each boiler that was identified as a major modification to be consistent with applicable PSD requirements and failed to provide a compliance plan with each permit application.  Thus, Plaintiff contends that Defendants have not met all of their obligations under the Amended Consent Decree.

Additionally, there may be other obligations that the Defendants have failed to comply with that are unknown to Plaintiff and Plaintiff explicitly does not waive its rights to enforce the Amended Consent Decree as to all of its terms.

For these reasons, under the terms of the Amended Consent Decree, it shall not terminate on July 31, 2011.

Respectfully submitted on July 27, 2011.

McGillivray Westerberg & Bender

_/s/ Pamela R. McGillivray_____

David C. Bender
Wis. Bar No. 1046102
Pamela R. McGillivray
Wis. Bar No. 1034194
305 S. Paterson Street
Madison, WI 53703

Tel. 608.310.3560
bender@mwbattorneys.com
mcgillivray@mwbattorneys.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2011, I electronically filed the foregoing

Notice of Non-Termination of the Consent Decree with the Clerk of Court using

the CM/ECF system and have served all parties through CM/ECF notice.


  /s/ Pamela R. McGillivray

Pamela R. McGillivray