IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SIERRA CLUB,

    Plaintiff,

v.                                 Case No. 07-C-0251-S

MIKE HUEBSCH and KIRBY LETHEBY[1],

    Defendants.

**RESPONSE TO NOTICE OF NON-TERMINATION OF THE CONSENT DECREE**

Defendants hereby provide this response to Plaintiff's Notice of Non-Termination of the Consent Decree ("Notice") in the above-captioned matter. Defendants agree with the Notice's material assertion that the Amended Consent Decree has not terminated. However, Defendants disagree with the reasoning cited by Plaintiff and believe that Plaintiff's allegations of non-compliance in the Notice are premature. Accordingly, the Defendants request that the Court take no action at this time in response to Plaintiff's Notice.

---

[1] As stated by Plaintiff, Michael Huebsch has replaced Michael Morgan as Wisconsin Department of Administration Secretary, and thus has been automatically substituted for Defendant Morgan pursuant to Fed. R. Civ. P. 25(d). Also, Kirby Letheby has replaced Jay Ehrfurth as State Heating Plant Engineer, and thus has been automatically substituted for Defendant Ehrfurth, also pursuant to Fed. R. Civ. P. 25(d).

CONDITIONS NECESSARY FOR TERMINATION

The Notice states that the Amended Consent Decree would have terminated July 31, 2011 if DOA and UW had met three conditions. Defendants agree. As stated by Plaintiff, the three conditions for termination of the Amended Consent Decree require:

1. DOA and UW to install pollution controls on the coal-fired boilers at Charter Street, permanently retire the coal-fired boilers at Charter Street, or replace the coal-fired boilers at Charter Street with boilers meeting the specifications of the Amended Consent Decree.

2. DOA and UW to certify "that they are in compliance with the Clean Air Act at [Charter Street] and with each of the obligations in this Amended Consent Decree."

3. That Plaintiff does not notify the Court of a contention that DOA and UW have failed to comply with any of the obligations of the Amended Consent Decree.

Significantly, the Amended Consent Decree does not impose a deadline to meet the three conditions; it simply states that the Amended Consent Decree will terminate on July 31, 2011 if the conditions have been met. Therefore, Defendants are not out of compliance for failing to meet the termination conditions by July 31, 2011. Rather, the Amended Consent Decree will terminate at such time as all three conditions have been met.

## THE AMENDED CONSENT DECREE IS NOT TERMINATED BECAUSE DEFENDANTS HAVE NOT COMPLETED REPLACEMENT OF THE COAL FIRED BOILERS AT CHARTER STREET

Defendants acknowledge that they have not met the first condition for termination of the Amended Consent Decree.  DOA and UW are in the process of replacing the coal-fired boilers at Charter Street with new boilers meeting the specifications of the Amended Consent Decree.  In fact, the contracting and construction process has been well underway for more than a year.  Admittedly, replacement of the coal-fired boilers was not complete as of July 31, 2011, but Defendants estimate this will occur in the first quarter of 2012.  For this reason, Defendants do not dispute that the Amended Consent Decree has not been terminated.

Because the above condition has not been met, Defendants have not attempted to submit a certification showing they have met each of the Amended Consent Decree's obligations.  Accordingly, Defendants do not dispute that they have not met the second termination condition. Note, however, that this is solely because the coal-fired boilers have not yet been replaced at Charter Street.  Contrary to Plaintiff's assertions in its Notice, Defendants believe they are in compliance with the remaining provisions of the Amended Consent Decree, including those in Paragraphs 15 through 18.

More importantly, any non-compliance notice from Plaintiff is premature. Plaintiff may bring disputes as to compliance with the Amended Consent Decree before the Court after one of two triggering events.  As discussed above, one of the triggering events is compliance certification by DOA and UW.  DOA and UW have not yet certified or attempted to certify compliance, so the time is not ripe for notice to the Court under

this provision of the Amended Consent Decree. The other triggering event is exhaustion of the dispute resolution process laid out in Paragraph 28 of the Amended Consent Decree. This triggering event has also not yet occurred. Following Plaintiff's filing of the Notice, Defendants contacted Plaintiff to discuss the issues raised in the Notice. Plaintiff agreed to use Paragraph 28's dispute mechanism to address its compliance concerns. Therefore, pursuant to Paragraph 28, Defendants anticipate formal receipt of written notice outlining the nature of any dispute and requesting informal negotiations. Upon expiration of Paragraph 28's sixty-day informal negotiation period, Plaintiff may then move the Court to resolve any remaining disputes.

## CONCLUSION

Defendants do not dispute that the Amended Consent Decree is not terminated at this time. Moreover, Defendants intend to address Plaintiff's compliance concerns via the Amended Consent Decree's informal dispute resolution procedures. Upon completion of replacement of Charter Street's coal-fired boilers, DOA and UW plan to submit certification to the Court that they are fully in compliance with the Clean Air Act at Charter Street and with each obligation of the Amended Consent Decree. Thus, at this

time, Defendants, DOA, and UW respectfully request that the court take no action on Plaintiff's Notice.

Respectfully submitted on September 30, 2011.

                                         J.B. VAN HOLLEN
                                         Attorney General


                                         s/ THOMAS J. DAWSON
                                         Assistant Attorney General
                                         State Bar #1016134

                                         Attorneys for Defendants Mike Huebsch and
                                         Kirby Letheby

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-8987
(608) 266-2250 (Fax)
dawsontj@doj.state.wi.us